## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **SHELLY GOMEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **PORTFOLIO RECOVERY** ) | **CIVIL ACTION FILE NO.:** |
| **ASSOCIATES, LLC.,** ) | 1:10-CV-01031MSK |
| ) | |
| **Defendant.** ) | |
| ) | |

## AMENDED ANSWER

**COMES NOW** defendant Portfolio Recovery Associates, LLC ("Portfolio" or "Defendant"), by and through its undersigned counsel, as and for its response to plaintiff Shelly Gomez' ("Plaintiff") complaint, states as follows:

## JURISDICTION

1. In response to Paragraph 1 of Plaintiff's Complaint, Portfolio admits that this Honorable Court has jurisdiction of claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), but denies that Portfolio violated any law.

2. Portfolio denies that it violated the FDCPA.

## JURISDICTION AND VENUE

3. Portfolio admits that venue is proper, but denies that it violated any law.

4. Portfolio is without sufficient knowledge to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

5. Portfolio is without sufficient knowledge to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

6. Portfolio admits that it transacts business in the State of Colorado.

## PARTIES

7. Portfolio is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint, and therefore must deny the same and demand strict proof thereof.

8. Portfolio is without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint, and therefore must deny the same and demand strict proof thereof.

9. Portfolio is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint, and therefore must deny the same and demand strict proof thereof.

10. Portfolio admits that it is a Delaware limited liability company with its headquarters in Norfolk, Virginia.

11. Portfolio admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Portfolio admits that when it acts as a debt collector as defined by 15 U.S.C. 1692 (a)(6) its conduct may be governed by the applicable sections of the FDCPA.

13. Portfolio admits it is licensed to collect debt under the applicable Colorado law.

14. Portfolio admits that it engages in the business of purchasing debt for collection. Except as specifically admitted, Portfolio denies the remaining allegations of Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Portfolio denies the allegations contained in Paragraph 15 of Plaintiff's Complaint. Portfolio owns the accounts on which it attempts collection and does not act as a third party collector.

## FACTUAL ALLEGATIONS

16. Portfolio admits the allegation contained in Paragraph 16 of Plaintiff's Complaint.

17. Portfolio admits the allegation contained in Paragraph 17 of Plaintiff's Complaint.

18. Portfolio admits the allegation contained in Paragraph 18 of Plaintiff's Complaint.

19. Portfolio admits the allegation contained in Paragraph 19 of Plaintiff's Complaint.

20. Portfolio admits that it purchased the subject account. Except as specifically admitted, Portfolio denies the remaining allegations of Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21. Portfolio lacks sufficient information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Portfolio lacks sufficient information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Portfolio admits that it called Plaintiff in the year prior to the filing of the instant action.

24. Portfolio admits that the Plaintiff called Portfolio in the year prior to the filing of the instant action.

25. Portfolio admits that it called Plaintiff and left voicemail messages for purposes of collecting a debt.

26. Portfolio admits that it spoke with Plaintiff about the subject account. Except as specifically admitted, Portfolio denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. The allegations of Paragraph 27 of Plaintiff's Complaint contain conclusions of law to which no response is required and therefore they are denied.

28. Portfolio admits that it called the Plaintiff for purposes of collecting a debt.

29. Portfolio admits that it had conversations with Plaintiff for purposes of collection a debt.

30. Portfolio admits that it had conversations with Plaintiff for purposes of collection a debt.

31. Portfolio is without sufficient information to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore must deny the same and demand strict proof thereof.

32. Portfolio is without sufficient information to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore must deny the same and demand strict proof thereof.

33. Portfolio denies the allegations contained in Paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.

34. Portfolio denied the allegation in Paragraph 32 of Plaintiff's Complaint, and therefore is without sufficient information to admit or deny the allegation in Paragraph 33 of Plaintiff's Complaint.

35. Portfolio denies the allegations contained in Paragraph 35 of Plaintiff's Complaint and demands strict proof thereof.

36. Portfolio lacks sufficient information to admit or deny the allegation in Paragraph 36 of Plaintiff's Complaint of Plaintiff's Complaint.

37. Portfolio lacks sufficient information to admit or deny the allegation in Paragraph 36 of Plaintiff's Complaint of Plaintiff's Complaint, and therefore denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Portfolio denies the allegations contained in Paragraph 38 of Plaintiff's Complaint and demands strict proof thereof.

39. Portfolio denies the allegations contained in Paragraph 39 of Plaintiff's Complaint and demands strict proof thereof.

40. Portfolio denies the allegations contained in Paragraph 40 of Plaintiff's Complaint and demands strict proof thereof.

41. Portfolio denies the allegations contained in Paragraph 41 of Plaintiff's Complaint and demands strict proof thereof.

42. Portfolio denies the allegations contained in Paragraph 42 of Plaintiff's Complaint and demands strict proof thereof.

43. Portfolio denies the allegations contained in Paragraph 43 of Plaintiff's Complaint and demands strict proof thereof.

44. Portfolio denies the allegations contained in Paragraph 44 of Plaintiff's Complaint and demands strict proof thereof.

## RESPONDEAT SUPERIOR

45. Portfolio lacks sufficient information to admit or deny. "Representatives" and employees are not defined and/or specified and thus we have insufficient knowledge as to status of employment.

46. Portfolio lacks sufficient information to admit or deny. "Representatives" and employees are not defined and/or specified and thus we have insufficient knowledge as to status of employment.

47. Portfolio lacks sufficient information to admit or deny. "Representatives" and employees are not defined and/or specified and thus we have insufficient knowledge as to status of employment.

48. Portfolio lacks sufficient information to admit or deny. "Representatives" and employees are not defined and/or specified and thus we have insufficient knowledge as to status of employment.

49. The allegations of Paragraph 49 of Plaintiff's Complaint contain conclusions of law to which no response is required and therefore they are denied.

50. Portfolio is without sufficient knowledge to admit or deny the allegations contained in Paragraph 50 of Plaintiff's Complaint and therefore must deny the same and demand strict proof thereof.

## COUNT I – FDCPA VIOLATIONS

51. Defendants repeat the responses to the allegations contained in paragraphs 1 through 50 and incorporate them as if the same were set forth at length. The allegations of Paragraph 51

contain conclusions of law to which no response is required and therefore they are denied.  To the extent that the allegations are deemed factual as to Defendants they are denied.

52.	The allegations of Paragraph 52 contain conclusions of law to which no response is required and therefore they are denied.  To the extent that the allegations are deemed factual as to Defendants they are denied.

53.	Portfolio is without sufficient knowledge to admit or deny the allegations contained in Paragraph 53 of Plaintiff's Complaint and therefore must deny the same and demand strict proof thereof.

54.	The allegations of Paragraph 54 contain conclusions of law to which no response is required and therefore they are denied.  To the extent that the allegations are deemed factual as to Defendants they are denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that this Honorable Court award judgment in favor of Portfolio Recovery Associates, LLC and against Plaintiff, together with costs, attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and such other relief as this Honorable Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each count claimed therein fails to state a claim against Portfolio upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Portfolio denies both the material allegations of Plaintiff's Complaint and that Plaintiff is entitled to the relief requested therein.

## THIRD AFFIRMATIVE DEFENSE

Portfolio affirmatively invokes and asserts all defenses created by and under the Fair Debt Collection Practices Act, including that Plaintiff's claim is barred by the bona fide error defense and that Portfolio's conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission.

**WHEREFORE**, Portfolio Recovery Associates, LLC demands that the complaint be dismissed with prejudice and that they be awarded costs of this action, attorneys' fees  pursuant to 15 U.S.C. § 1692k(a)(3) and such other relief as this Honorable Court may deem appropriate.

Respectfully submitted this 26th day of May 2010.

_/s/ Bruce R. Carvajal

Bruce R. Carvajal, #32076
Portfolio Recovery Associates, LLC
4600 South Syracuse St., Ste. 900
Denver, CO 80237
Phone: 757-519-9300 x 18376
Fax: 757-518-0860
brcarvajal@portfoliorecovery.com
  Attorney for Defendant