**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-01031-MSK-BNB

SHELLY GOMEZ,

       Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company,

       Defendant.

---

**SCHEDULING ORDER**

---

**1.  DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

The Rule 16(b) conference was held on July 20, 2010.

David M. Larson, Esq. represents the Plaintiff.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006

Bruce R. Carvajal, Esq., represents the Defendant.
Portfolio Recovery Associates, LLC
4600 S. Syracuse St., Suite 900
Denver, CO 80237
(757) 519-9300

**2. STATEMENT OF JURISDICTION**

Jurisdiction is based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1692k for the

Plaintiff's FDCPA claim.

**3.  STATEMENT OF CLAIMS AND DEFENSES**

      a.     Plaintiff(s): Plaintiff claims that the Defendant violated the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 et seq. sections 1692d preface, d(2), 1692e preface, e(2)(A), e(5), e(8), e(10), e(11) and 1692f preface by representing to the Plaintiff that he had to have a reason to dispute the account and that her reason had to be valid, that paying the account is the only way to get the account off of her credit reports, that she had to fill out the paperwork that the Defendant was sending to her, have her answers notarized and send the paperwork back to the Defendant to dispute the Account.

b.      Defendant(s):  The Defendant denies Plaintiff's claims that it violated the Fair Debt Collection Practices Act. The Defendant also denies Plaintiff's claim that it caused any injury or damage to the Plaintiff. The Defendant asserted defenses in its Answer and Defenses to the Complaint.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      This Court has Jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      Venue is proper in this Judicial District.

3.      The Defendant transacts business in Colorado.

4.      The Plaintiff is a natural person.

5.      Defendant is a Delaware limited liability company operating from an address at 120 Corporate Blvd., Norfolk, Virginia, 23502.

6.      The principal purpose of the Defendant is the collection of debts using the

mails and telephone.

7.      The Defendant regularly attempts to collect debts previously due another.

8.      Sometime before 2008 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Orchard Bank.

9.      The account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10.     The account went into default with the original creditor.

11.     The account charged off in 2008.

12.     After the account went into default it was purchased by the Defendant for collection from the Plaintiff.

13.     The Defendant called the Plaintiff in the year prior to the filing of the instant action.

14.     The Plaintiff called the Defendant in the year prior to the filing of the instant action.

15.     The Defendant's purpose for the telephone calls was to attempt to collect the account.

16.     The Plaintiff and the Defendant had telephone conversations with the Plaintiff for the purpose of collecting the account in the year prior to the filing of the instant action.

17.     The telephone calls conveyed information regarding the account directly or indirectly to the Plaintiff.

3

18.   The Defendant called the Plaintiff and left voicemail messages for the purpose of collecting the account.

19.   The representatives and / or collectors at the Defendant were employees of and agents for the Defendant at all times mentioned in the Complaint.

20.   The representatives and / or collectors at the Defendant were acting within the course of their employment at all times mentioned in the Complaint.

21.   The representatives and / or collectors at the Defendant were acting within the scope of their employment at all times mentioned in the Complaint.

22.   The representatives and / or collectors at the Defendant were under the direct supervision and control of the Defendant at all times mentioned in the Complaint.

## 5. COMPUTATION OF DAMAGES

Plaintiff: Plaintiff seeks statutory damages in an amount to be determined by a jury pursuant to the FDCPA and actual damages in an amount to be determined by a jury pursuant to the FDCPA. While considered damages the Plaintiff also seeks to recover the reasonable attorney's fees incurred in this action and for the costs of bringing this action pursuant to the FDCPA, to be determined at the conclusion of this case.

Defendant: Defendant is not seeking any damages at this time.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   Date of rule 26(f) meeting: June 29, 2010.

4

b.      Names of each participant and party he/she represented.

        David M. Larson, Esq. represented the Plaintiff.

        Bruce R. Carvajal, Esq. represented the Defendants.

c.      Proposed changes, if any, in timing or requirement of disclosures under
        Fed.  R. Civ. P. 26(a)(1):  None.

d.      Statement as to when rule 26(a)(1) disclosures were made or will be
        made.

        The mandatory disclosures pursuant to Rule 26(a)(1) were made by the

        Plaintiff on June 30, 2010.

        The mandatory disclosures pursuant to Rule 26(a)(1) were made by  the

        Defendant on June 29, 2010.

e.      Statement concerning any agreements to conduct informal discovery,
        including joint interviews with potential witnesses, exchanges of
        documents, and joint meetings with clients to discuss settlement.  If there
        is agreement to conduct joint interviews with potential witnesses, list the
        names of such witnesses and a date and time for the interview which has
        been agreed to by the witness, all counsel, and all *pro se* parties.

        No such agreements have been made.

f.      The parties do not anticipate that their claims or defenses will involve
        extensive electronically stored information, or that a substantial amount of
        disclosure or discovery will involve information or records maintained in
        electronic form.

g.      Statement summarizing the parties' discussions regarding the possibilities
        for promptly settling or resolving the case.

        The parties have discussed resolving the case.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a U.S. Magistrate
Judge.

5

## 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

<u>10 depositions per side, 25 interrogatories per side.</u>

b.      Limitations which any party proposes on the length of depositions.

<u>7 hours per deposition except as indicated on deposition schedule, 4 hours for each employee, collector and / or collection supervisor at the Defendant and four hours for each of the Plaintiff's witnesses.</u>

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

<u>25 Requests for Production per side, 25 Requests for Admissions per side.</u>

d.      Other Planning or Discovery Orders.

<u>None.</u>

## 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

August 31, 2010

b.      Discovery Cut-off:

October 29, 2010

c.      Dispositive Motion Deadline:

November 30, 2010

d.      Expert Witness Disclosure

(1)      State anticipated fields of expert testimony, if any.

Plaintiff: None

6

Defendant: None

(2)    State any limitations proposed on the use or number of expert witnesses.

<u>Two Experts per side, including any rebuttal experts.</u>

(3)    The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

September 1, 2010

(4)    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

September 30, 2010

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

d.    Identification of Persons to be deposed:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Plaintiff | To be determined on or before August 20, 2010 | To be determined | Up to 7 hours |
| Plaintiff's Witnesses | To be determined on or before August 20, 2010 | To be determined | Up to 4 hours for each witness |

7

| | | | |
|---|---|---|---|
| Unknown employees, collectors and collection supervisors at the Defendant | To be determined on or before August 20, 2010 | To be determined | Up to 4 hours for each employee, collector / collection supervisor |
| Corporate Representative(s) of the Defendant pursuant to Fed.R.Civ.P. 30(b)(6) | To be determined on or before August 20, 2010 | To be determined | Up to 7 hours for each deponent |

       f.      Deadline for Interrogatories:

             To be served so that the responses are due by the discovery cutoff.

       g.      Deadline for Requests for Production of Documents and/or Admissions:

             To be served so that the responses are due by the discovery cutoff.

## 10.  DATES FOR FURTHER CONFERENCES

a.  A settlement conference will be held on_____ at _____

o'clock ___.m.

       It is hereby ordered that all settlement conferences that take place before the U.S. Magistrate Judge shall be confidential.

      ( )    *Pro se* parties and attorneys only need be present.

      ( )    *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

      ( )    Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

8

b.      Status conferences will be held in this case at the following dates and
        times:

        _____
        _____

c.      A final pretrial conference will be held in this case on

        _____at _____ o'clock ___.m.  A Final Pretrial Order shall
        be prepared by the parties and submitted to the court no later than five (5) days
        before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel,
after a good-faith effort, were unable to reach an agreement.

        None.

b.      Anticipated length of trial and whether trial is to the court or jury.

        Two day trial to jury.

c.      Identify pretrial proceedings, if any, that the parties believe may be more
        efficiently or economically conducted in the District Court's facility at 212
        N. Wahsatch Street, Colorado Springs, Colorado.

        None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with
D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served
upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial
Procedures or Practice Standards established by the judicial officer presiding over the
trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR
7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party
must file a copy of a notice of change of his or her address or telephone number with

9

the clerk of the U.S. Magistrate Judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of July, 2010.

BY THE COURT:

_____
Boyd N. Boland
United States Magistrate Judge

APPROVED:

  s/ David M. Larson
_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff

    s/ Bruce R. Carvajal
_____
Bruce R. Carvajal, Esq.
Portfolio Recovery Associates, LLC
4600 S Syracuse St., Suite 900
Denver, CO 80237
(757) 519-9300
Attorney(s) for the Defendant